UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BINKLEY H., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-03605-TWP-MPB |
| | ) |
| ANDREW M. SAUL, Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

### ENTRY ON JUDICIAL REVIEW

Plaintiff Binkley H.[1] requests judicial review of the final decision of the Commissioner of the Social Security Administration (the "SSA"), denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). For the following reasons, the Court **remands** the decision of the Commissioner.

### I. PROCEDURAL BACKGROUND

On May 11, 2015, Binkley H. protectively filed applications for DIB and SSI, alleging a disability onset date of December 10, 2014. (Filing No. 7-2 at 20.) His applications were initially denied on July 8, 2015, (Filing No. 7-4 at 2; Filing No. 7-4 at 6), and upon reconsideration on October 1, 2015, (Filing No. 7-4 at 14; Filing No. 7-4 at 21). Administrative Law Judge Jody Odell (the "ALJ") conducted a hearing on August 10, 2017, at which Binkley H., represented by counsel, and a vocational expert ("VE"), appeared and testified. (Filing No. 7-2 at 37-66.) The ALJ issued a decision on November 28, 2017, concluding that Binkley H. was not entitled to

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

receive benefits. (Filing No. 7-2 at 17.) The Appeals Council denied review on September 21, 2018. (Filing No. 7-2 at 2.) On November 19, 2018, Binkley H. timely filed this civil action, asking the Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c) to review the final decision of the Commissioner denying his benefits. (Filing No. 1.)

## II.    STANDARD OF REVIEW

Under the Social Security Act, a claimant may be entitled to benefits only after he establishes that he is disabled. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

The Commissioner employs a five-step sequential analysis to determine whether a claimant is disabled. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled despite his medical condition and other factors. 20 C.F.R. § 404.1520(a)(4)(i). At step two, if the claimant does not have a "severe" impairment that also meets the durational requirement, he is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

2

If the claimant's impairments do not meet or medically equal one of the impairments on the Listing of Impairments, then his residual functional capacity will be assessed and used for the fourth and fifth steps. *See* 20 C.F.R. § 404.1520(a)(4)(iv)-(v). Residual functional capacity ("RFC") is the "maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(1); Social Security Ruling 96-8p). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). At the fifth and final step, it must be determined whether the claimant can perform any other work, given his RFC and considering his age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). The claimant is not disabled if he can perform any other work in the relevant economy.

The combined effect of all the impairments of the claimant shall be considered throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The burden of proof is on the claimant for the first four steps; it then shifts to the Commissioner for the fifth step. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft*, 539 F.3d at 678, this Court must accord the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id*. (citation omitted).

### III. FACTUAL BACKGROUND

Binkley H. was born in September 1981 and was 33 years of age at the time he filed, (*see* Filing No. 7-6 at 2), alleging that since December 10, 2014, he could no longer work because of a degenerative disc and pinched nerve. (Filing No. 7-7 at 3.) He has completed his general equivalence diploma and has worked as a cook, retail clerk, and auto mechanic.[2] (Filing No. 7-7 at 4.)

The ALJ followed the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 404.1520(a)(4) and ultimately concluded that Binkley H. was not disabled. (Filing No. 7-2 at 29.) At step one, the ALJ found that Binkley H. had not engaged in substantial gainful activity[3] since December 10, 2014, the alleged onset date. (Filing No. 7-2 at 22.) At step two, the ALJ found that Binkley H. had "the following severe impairments: degenerative disc disease of the cervical spine with radiculopathy and right knee impairment." (Filing No. 7-2 at 23 (citations omitted).) At step three, the ALJ found that Binkley H. did not have an impairment or combination of

---

[2] The relevant evidence of record is amply set forth in the parties' briefs, as well as the ALJ's decision and need not be repeated here. Specific facts relevant to the Court's disposition of this case are discussed below.

[3] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a).

impairments that met or medically equaled the severity of one of the listed impairments. (Filing No. 7-2 at 24.) After step three but before step four, the ALJ concluded:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can frequently balance and stoop; occasionally kneel, crouch, crawl, and climb ramps and stairs; never climb ladders, ropes, and scaffolds; and frequently finger and reach with the non-dominant left upper extremity.

*Id*. At step four, considering Binkley H.'s RFC and the VE's testimony, the ALJ concluded that Binkley H. was incapable of performing any of his past relevant work as a kitchen helper/fry cook, paint sprayer, and mechanic. (Filing No. 7-2 at 28.) At step five, considering Binkley H.'s age, education, work experience, and RFC, as well as the VE's testimony, the ALJ concluded that Binkley H. could have performed work through the date of the decision with jobs existing in significant numbers in the national economy in representative occupations, such as a retail marker, mail clerk, laundry classifier, addresser, document preparer, and film inspector. (Filing No. 7-2 at 28-29.)

## IV. DISCUSSION

Binkley H. raises two assignments of error, that the ALJ failed to: (1) explain her conclusions that Listings 1.02 and 1.04 were not met and did not rely on medical experts to determine medical equivalence, and (2) properly find that Binkley H. would need to elevate his legs throughout the day as part of his RFC. The Court will address the issues as necessary to resolve the appeal.

### A. **Listing 1.04**

Binkley H. contends that the ALJ's analysis was inadequately articulated in the written decision concerning her conclusions that Listings 1.02 and 1.04 were not met or equaled. (Filing No. 9 at 18.) Finding the issue dispositive in this case, the Court will discuss Listing 1.04.

5

To meet an impairment identified in the listings, a claimant must establish, with objective medical evidence, the precise criteria specified in the listing. *See* 20 C.F.R. § 404.1525; *Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990); *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004) ("The applicant must satisfy all of the criteria in the Listing in order to receive an award of" benefits at Step Three). In the alternative, a claimant can establish "medical equivalence" in the absence of one or more of the findings if she has other findings related to the impairment or has a combination of impairments that "are at least of equal medical significance." *See* 20 C.F.R. § 404.1526(a)-(b). In considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing. *See Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003); *Scott v. Barnhart*, 297 F.3d 589, 595-96 (7th Cir. 2003). For example, in *Minnick v. Colvin*, 775 F.3d 929, 935-36 (7th Cir. 2015), the Seventh Circuit found the ALJ's perfunctory analysis to warrant remand when it was coupled with significant evidence of record that arguably supported the listing. *See Kastner v. Astrue*, 697 F.3d 642, 647-48 (7th Cir. 2012) (remanding where the ALJ's cursory listing analysis failed to articulate a rationale for denying benefits when the record supported finding in the claimant's favor). To demonstrate that an ALJ's listing conclusion was not supported by substantial evidence, the claimant must identify evidence of record that was misstated or ignored which met or equaled the criteria. *See, e.g.*, *Sims v. Barnhart*, 309 F.3d 424, 429-30 (7th Cir. 2002).

The ALJ's analysis of Listing 1.04 was perfunctory. The ALJ's explanation was limited to a mere conclusion that Binkley H.'s degenerative disc disease of the cervical spine with radiculopathy did not meet or equal the listing for disorders of the spine because the record did not demonstrate the listed requirements. (Filing No. 7-2 at 24.) The ALJ listed the requirements but

did not explain the specific requirement or requirements that were lacking, nor did the ALJ cite to any of the record evidence. *Id*.

The regulations provide examples of medical impairments that satisfy the diagnostic criteria of Listing "1.04 *Disorders of the Spine*" including a "herniated nucleus pulposus." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 1.04. To establish Listing 1.04(A), the regulations require:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

*Id*. at 1.04(A).

The record contained evidence relevant to the listing. An MRI of Binkley H.'s cervical spine taken November 7, 2014 showed degenerative disc disease, most pronounced at C6-C7 with moderate to severe left foraminal stenosis. (Filing No. 7-9 at 27.) The initial radiology report summarized the interpretation of the imaging by the radiologist, including findings of marked loss of disc space height at C6-C7, signal intensity evident at C5-C6 and C7-T1, mild narrowing of the central canal without significant compromise at C6-C7, and "[n]o acute herniations [were] detected." *Id*. On June 26, 2015, Binkley H. attended a consultative examination at the request of Disability Determination Services that revealed neurological findings that he had reduced strength at 4/5 in the left hand and reduced deep tendon reflexes at 1+ in the left upper extremity, (Filing No. 7-8 at 5), as well as decreased range of motion of the cervical spine, (Filing No. 7-8 at 8).

On September 29, 2015, a state-agency reviewing consultant completed disability transmittal forms, (Filing No. 7-3 at 28-29), and assessed an RFC based on a review of the medical evidence that Binkley H. was capable of a range of light work, (Filing No. 7-3 at 23-25). The Seventh Circuit has held that the completion of these forms conclusively establishes that a

designated expert has determined that no listing was met or equaled and further provides substantial evidence for the ALJ's corresponding determination. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004) (citing *Scott v. Sullivan*, 898 F.2d 519, 524 (7th Cir. 1990); *Farrell v. Sullivan*, 878 F.2d 985, 990 (7th Cir. 1989)).

However, the last medical consultant assessment was based on a review of only a limited portion of the record. (*See* Filing No. 7-3 at 21-22 (listing the evidence received from medical sources at the time of reconsideration determination corresponding with exhibits 1F-4F); *see also* Filing No. 7-4 at 16.) The record that was reviewed by the consultant did include the consultative examination findings and the initial radiology report of the MRI referenced above.[4] (Filing No. 7-3 at 25.)

Following the latest review, the record was updated with significant evidence relevant to Binkley H.'s listing argument. The Seventh Circuit has held that "[a]n ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018) *as amended on reh'g* (Apr. 13, 2018) (citing *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016) (remanding where a later diagnostic report "changed the picture so much that the ALJ erred by continuing to rely on an outdated assessment"); *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014) (remanding after ALJ failed to submit new MRI to medical scrutiny)).

---

[4] The reviewing consultant stated that the MRI report corroborated the left upper extremity abnormalities noted at the consultative examination and concluded, "[a]s such, [the] current RFC will reflect these restrictions." (Filing No. 7-3 at 25.) The reviewing consultant's RFC assessment limited fine manipulation with the left upper extremity to frequent rather than constant. *Id*. However, the consultative examiner provided a medical source statement based on her own examination that does not appear completely consistent with the reviewing consultant's assessment. The consultative examiner stated that Binkley H. could "handl[e] objects with the left hand *for a short period of time* (including … zipping, buttoning, and picking up small objects)" and would have difficulty performing activities "handling objects with the left hand repetitively . . . ." (Filing No. 7-8 at 6.) (Emphasis added.)

In terms of the diagnostic criteria of the listing, the MRI noted above was reviewed by a neurosurgeon, who concluded that it showed a "disk herniation eccentric to the left" at C6-C7. ([Filing No. 7-9 at 52](#).) A treating provider also indicated that the MRI demonstrated a "herniated nucleus pulposus" in the cervical spine. ([Filing No. 7-11 at 6](#).)

From a clinical perspective, the neurosurgery consultation also included an examination of Binkley H. that demonstrated reduced strength at 4+ in his left triceps. ([Filing No. 7-9 at 52](#).) The neurosurgeon noted that the image findings correlated with the weakness and he recommended surgery consisting of an anterior cervical discectomy and fusion at C6-C7. *Id*. However, Binkley H. elected to try conservative treatment options at that time because he had not yet completed physical therapy or had injections. *Id*.

On June 16, 2015, Binkley H. presented for a physical therapy evaluation—complaining of neck problems following a motor vehicle accident—with an increase in symptoms in the last year, including left arm numbness. ([Filing No. 7-9 at 17](#).) An examination revealed decreased strength in the left upper extremity in the myotomes corresponding with C6-C7, as well as decreased sensation in the C4, C5, and C6 distribution. ([Filing No. 7-9 at 18](#).) The provider concluded that the "[c]linical findings indicate patient's pain and limitations are associated with cervical pain and radiculopathy that appears to be discogenic in nature. Due to manual distraction helping to alleviate the symptoms patient will benefit from a trail of mechanical traction to reduce left arm symptoms." *Id*. The record indicated that the traction treatment provided no benefit in terms of Binkley H.'s pain. ([Filing No. 7-9 at 6](#).) He later received numerous cervical epidural steroid injections. (*See e.g.*, [Filing No. 7-11 at 5](#).)

Binkley H. met his burden of producing evidence that presented a colorable claim that each of the requirements of Listing 1.04(A) were met or medically equaled. The ALJ did not analyze

9

the evidence in the context of her listing conclusions. She also did not confront all the significant relevant evidence in her decision. Moreover, as explained above, significant evidence was never submitted for expert review. As such, the Court concludes that remand is required for further consideration of Listing 1.04(A).

Having found that further consideration of Listing 1.04 is necessary on remand, the Court declines to fully analyze Binkley H.'s claim that the evidence also demonstrates that his knee impairment met or equaled listing 1.02. The Court does not conclude upon a review of the evidence presented in the existing record that there was a colorable claim that Listing 1.02 was met. Furthermore, the ALJ's written decision provided analysis in the RFC explanation that would support the ALJ's relevant listing finding that Binkley H. was not unable to ambulate effectively. However, conscious that combined impairments may support equaling, and that the updated record on remand might necessitate further consideration of the listings generally, the Court declines to make any specific finding based on the existing record. Binkley H. is free to develop and present his claim on remand.

**B.**     **RFC and Leg Elevation**

In the interest of providing guidance on remand, the Court will address Binkley H.'s remaining assignment of error that the ALJ did not properly include a limitation in her RFC finding that Binkley H. would need to elevate his legs throughout the day. (*See* Filing No. 9 at 27-29.) On June 27, 2017, Binkley H.'s treating primary care physician, Patrice Cates-Lonberger, M.D., completed an RFC questionnaire based on treatment since 2014, identifying cervical degenerative disc disease and radiculopathy as Binkley H.'s diagnoses, and assessing, among other things, that he would need to keep his leg(s) elevated to knee height for twenty percent of the workday to perform the prolonged sitting associated with sedentary work. (Filing No. 7-11 at 65-69.)

The ALJ addressed the opinion, gave it "some weight," and concluded that it was based on an uncritical acceptance of the limitations that the claimant reported. ([Filing No. 7-2 at 27](#).) With respect to the leg elevation limitation specifically, the ALJ noted that there were "no recommendations for the claimant to elevate extremities . . . ." ([Filing No. 7-2 at 27-28](#).) The lack of any such recommendation in the treating notes does provide some limited evidentiary support for the ALJ's conclusion. As discussed in the standard of review section, the definition of substantial evidence is a low bar. Additionally, Binkley H. does not present any record evidence—besides his own testimony—supporting the need for leg elevation. For example, there is no sustained indication of swelling that would typically support the need for such a measure. The questionnaire itself does not explain the basis for the limitation. One could presume it might be related to Binkley H.'s knee impairment, but that is not at all explained by the treating source who did not even list a knee impairment on the form. A treating source's statement can be discounted if not properly explained and the treating notes do not provide any further clarification or support with objective signs. *Schaaf v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010). Binkley H. has not presented any objective signs from the record that would support Dr. Cates-Lonberger's opinion that Binkley H. would need to elevate his legs throughout the day. Based on the existing record at the time, the Court does not find any error with the ALJ's rejection of this specific limitation. The ALJ's written explanation was sufficient under these circumstances.

## V.    CONCLUSION

For the reasons stated above, the final decision of the Commissioner is **REMANDED** for further proceedings consistent with this Entry as authorized by Sentence Four of 42 U.S.C. § 405(g).

**SO ORDERED.**

Date: 2/13/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kirsten Elaine Wold
HANKEY LAW OFFICE
kew@hankeylaw.com

Alison T. Schwartz
SOCIAL SECURITY ADMINISTRATION
alison.schwartz@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov